UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-139 |
| | ) | (VARLAN/GUYTON) |
| | ) | |
| HERSHEL O. McCALEB, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. This matter was scheduled to come before this Court on December 20, 2006. Defendant's counsel, Jonathan Moffatt, informed the court that neither party desired a hearing, and that the Court may rule based solely on the pleadings.

The following motions are pending and subject to disposition by this Court:

(1) Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant and Memorandum in Support [Doc. 13];

(2) Motion For Discovery of Physical Testing [Doc. 14];

(3) Motion For Specific Discovery [Doc. 15];

(4) Motion For Early Disclosure of Jencks Act Material and Memorandum in Support [Doc. 16];

1

(5) Motion for Pretrial Access to Witnesses and Memorandum in Support [Doc. 17]; and

(6) Motion For Bill Of Particulars [Doc. 18].

## A. MOTION TO COMPEL

Defendant McCaleb moves [Doc. 13] the Court to order disclosure of any evidence in the government's possession which may be favorable to the defendant. Defendant requests numerous disclosures, including the names and addresses of all persons either residing in or present at the apartment where Defendant was arrested on October 17, 2006, and other items of interest to Defendant. In support of the motion, Defendant cites generally to Brady v. Maryland, 373 U.S. 83 (1963). As to the facts surrounding this motion, Defendant stated that his attorney and his investigator were unable to speak with an important witness in the case because the witnesses "[h]ad been instructed by a Knoxville Police Department officer, an agent of the government, not to speak with members of the defense team." [Doc. 13, ¶ 2].

The government responds [Doc. 19] that Brady is self-effectuating, and no motion is required. The government also notes that this Court's Order on Discovery and Scheduling [Doc. 5] specifically addresses the government's obligation to provide exculpatory information to the defendant. As to Defendant's factual allegations surrounding this issue, the government avers Defendant has presented insufficient proof that the purportedly inaccessible witnesses are important or that the detectives actually instructed said witnesses to refuse to communicate with the defense team.

Defendant replies [Doc. 22] to the government's response by noting that a criminal defendant has "[t]he right to present witnesses 'to establish his defense without fear of retaliation

against the witness by the government.'" United States v. Bieganowski, 313 F.3d 264, 291 (5th Cir. 2002). Defendant goes on to cite to a case where the court entered an order informing witnesses of their right to talk to any attorney involved in the case and alerting them that they would inure no negative ramifications for doing so. [Doc. 22, ¶ 4]. Defendant avers that an important witness, Marlon Cates ("Cates"), resides in public housing, fears repercussions for discussing the case with the defense team, and, therefore, will not talk with the defense team.

The Court finds that, notwithstanding the facts alleged by Defendant, Defendant's Motion to Compel [Doc. 13] moves for general information, which is sufficiently covered by the Court's Order on Discovery and Scheduling [Doc. 5] and Brady, which is self-effectuating. Accordingly, Defendant's Motion to Compel [Doc. 13] is **DENIED**.

### B. MOTION FOR DISCOVERY OF PHYSICAL TESTING

Defendant McCaleb moves [Doc. 14] the Court to require the government to disclose the results of any physical tests performed by the government which are related to this case and to give Defendant notice of any physical tests which are currently pending. Defendant avers that the results of any physical tests are relevant, discoverable, and should be disclosed to the defendant as they may provide exculpatory evidence.

The Court's Order on Discovery and Scheduling [Doc. 5, ¶ B(3)] addresses the government's obligation in this regard:

> The government shall permit the defendant to inspect
> and copy the following items or copies thereof, or
> supply copies thereof, which are within the possession,
> custody or control of the government, the existence of
> which is known or by the exercise of due diligence
> may become known to the attorney for the

government:

> Results or reports of physical or mental examinations, and of scientific tests, including, without limitation, any handwriting analysis or experiments, which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial, and, as soon as possible but at least three weeks before trial, unless the Court orders otherwise.

Thus, the Court finds that it has already ordered the government to turn over documentation regarding physical testing. Furthermore, the Court finds and Defendant cites no legal basis to require the government to inform the defendant of upcoming or pending tests. Accordingly, Defendant's Motion for Discovery of Physical Testing [Doc. 14] is **DENIED**.

### C. MOTION FOR SPECIFIC DISCOVERY

Defendant McCaleb moves [Doc. 15] the Court to require the government to disclose the registered owner of the handgun Defendant is charged with possessing on October 17, 2006. Defendant argues such information is material, may be favorable to the defendant, and is within the scope of Brady v. Maryland, 373 U.S. 83 (1963).

The government responds [Doc. 19] that Defendant's motion should be denied because Brady is self-effectuating, imposing an affirmative obligation on the United States to disclose exculpatory evidence, and the Court has already entered an order reiterating Brady [Doc. 5]. Furthermore, the government avers it has no knowledge of any firearm registry relevant to this case. [Doc. 19, ¶ 9].

The Order on Discovery and Scheduling [Doc. 5, ¶ E] provides:

> The government shall reveal to the defendant and

> permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence),and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence).

Accordingly, this Court finds that it has already entered an order requiring the government to provide any relevant evidence in its possession to Defendant, and Defendant's Motion for Specific Discovery [Doc. 15] is **DENIED.**

### D.  MOTION FOR EARLY DISCLOSURE OF JENCKS ACT MATERIAL

Defendant McCaleb moves [Doc. 16] the Court to enter an order requiring the government to submit Jencks Act materials to the defendant at least two weeks prior the commencement of trial.  Defendant argues that early disclosure is necessary to allow Defendant to prepare an effective and adequate defense, and such early disclosure will not prejudice the government.

The government responds [Doc. 19] that there is no requirement in 18 U.S.C. § 3500 requiring the government to produce statements by government witnesses until after the witness has testified at trial.  The government correctly cites to United States v. Algie, 667 F.2d 569 (6th Cir. 1982), for the legal precedent that nothing in the Jencks Act provides a basis for the Court to order early disclosure.  Defendant replies [Doc. 22] to the government's response with the argument outlined in Section A above.

The Jencks Act provides in pertinent part as follows:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500; see also Fed. R. Crim. P. 26.2. As explained by the Sixth Circuit, "the Jenks Act generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at a trial. The defendant is only entitled to the statement *after* the witness has testified." United States v. Short, 671 F.2d 178, 185 (6th Cir. 1982) (emphasis added). Thus, in the present case, Defendant McCaleb is not entitled to inspect the statements of the government's witnesses unless and until they testify at trial. Accordingly, Defendant's Motion For Early Disclosure of Jencks Act Material [Doc. 19] is **DENIED**.


### E. MOTION FOR PRETRIAL ACCESS TO WITNESSES

Defendant McCaleb moves [Doc. 17] the Court to order the government to provide pretrial access to witnesses. Defendant argues such pretrial access should be granted due to government actions which have restricted the defense team's access to certain witnesses. Defendant cites to cases from the Seventh, Ninth, and D.C. Circuits, regarding the government's role in providing access to witnesses. Notably, Defendant's key case, United States v. Cook, 608 F.2d 1175 (9th Cir. 1979), involves witnesses entered into the witness protection program.

The government responds [Doc. 19] to Defendant's motion [Doc. 17] by emphasizing that Defendant has neither proffered evidence that the government restricted the defense team's access to certain witnesses, nor proven that said witnesses are important. Defendant replied [Doc.

22] to the government's response [Doc. 19] with the argument outlined in Section A above.

The Sixth Circuit has held:

> As a general proposition, a witness is not the exclusive property of either the government or the defendant. United States v. Matlock, 491 F.2d at 506. A defendant is entitled to have access to any prospective witness although such right of access may not lead to an actual interview. "It is true that any defendant has the right to attempt to interview any witnesses he desires. It is also true that any witness has the right to refuse to be interviewed, if he so desires (and is not under or subject to legal process)." Byrnes v. United States, 327 F.2d 825, 832 (9th Cir.), *cert. denied*, 377 U.S. 970, 84 S.Ct. 1652, 12 L.Ed.2d 739 (1964). Certainly, the prosecution has no right to interfere with or prevent a defendant's access to a witness (absent any overriding interest in security). The importance of the right of access is somewhat tempered by the witness' equally strong right to refuse to say anything. Thus when claiming a denial of due process, a defendant must make a showing of more than just the witness' inaccessibility.

United States v. Scott, 518 F.2d 261, 268 (6th Cir. 1975). Defendant's situation with Mr. Cates appears to fit squarely within the Scott holding noted above, " A defendant is entitled to have access to any prospective witness although such right of access may not lead to an actual interview." In the present situation, Defendant's investigators were given access to Cates, but Cates refused to speak with them. [Doc. 22-2, Affidavit of Charles Brown, ¶¶ 2, 3]. Accordingly, Defendant's Motion for Pretrial Access to Witnesses [Doc. 17] is **DENIED**.

### F.  BILL OF PARTICULARS

Defendant McCaleb moves [Doc. 18] the Court to direct the government to file a Bill

of Particulars as to Count One and Count Two of the Indictment [Doc. 1], and to specify therein:

> (1) The specific location of the ammunition Defendant is alleged to have possessed in each count; and
>
> 2) The specific place where the Defendant is alleged to have possessed each round of ammunition in each count.

Defendant contends he does not know which ammunition he is charged with in Count One, which ammunition he is charged with in Count 2, and whether the ammunition differs from that in Count 1. As the facts are currently set forth in the indictment, Defendant argues this requested bill of particulars is necessary to inform Defendant of the charge against him with sufficient precision to enable him to prepare his defense adequately, to avoid unfair surprise at trial, and to protect against double jeopardy. Defendant also moves the Court to direct the government to provide the locations of all items Defendant is alleged to have illegally possessed. Defendant claims such information is proper for inclusion in a bill of particulars.

The government responds [Doc. 19] that Defendant's motion should be denied, as the Indictment fully informs Defendant of that of which he is accused. The government further contends Defendant is not entitled to details of the evidence against him beyond the provisions of the rules of discovery. Moreover, Defendant's motions go beyond requesting information regarding the pretrial details of the charges against him and seek to encompass details of the evidence against him.

Defendant McCaleb is charged with two counts in the Indictment [Doc. 1]:

> **Count One** - having previously been convicted in courts of crimes punishable by imprisonment for terms exceeding one year, did knowingly possess, in and affecting commerce, a firearm and ammunition;

8

and

> **Count Two** - having previously been convicted in courts of crimes punishable by imprisonment for terms exceeding one year, did knowingly possess, in and affecting commerce, ammunition.

According to the government [Doc. 19], the defendant allegedly engaged in a verbal altercation, left said altercation, and returned with a pistol. As the other person fled, the defendant allegedly fired at him repeatedly. A police officer in the area heard the shots, responded, and observed Defendant run into an apartment. Defendant allegedly neither owned nor was lawfully in the apartment. When officers entered the apartment, they found Defendant in a bedroom. A search of the apartment revealed the pistol and ammunition at issue. The government states Count 1 is based on the recovery of the firearm and ammunition in the apartment to which the Defendant fled, and Count 2 is based on the ammunition recovered from the scene of the shooting. The government also states that it has provided Defendant with photographs of the firearm, the firearm magazine with ammunition, and the shooting scene where the ammunition was recovered. [Doc. 19].

Federal Rule of Criminal Procedure 7(f) states that:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

"A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir.

1993). The granting of a bill of particulars is within the court's discretion. See Id. (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. Id. Additionally, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991), *superseded on other grounds by statute*, United States v. Caseslorente, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue).

With regard to Counts One and Two, Defendant seeks to know the specific location of the ammunition Defendant is alleged to have possessed in each count. As to the remainder of Defendant's motion, requesting knowledge of the location of all items Defendant allegedly possessed, the Court notes that a bill of particulars may not be used by a defendant to obtain detailed disclosure of all evidence held by the government before trial. United States v. Phibbs, 999 F.2d 1053, 1086 (6th Cir. 1993). In other words, a bill of particulars is not to be used as a general discovery device. United States v. Hayes, 884 F.2d 1393, 1989 WL 105937, *4 (6th Cir. 1989) (unpublished opinion). The Court finds that the Indictment is sufficiently specific on these issues. Accordingly, the Court does not find further particularization necessary, and Defendant's Motion for Bill of Particulars [Doc. 18] is **DENIED.**

Accordingly, it is **ORDERED**:

> (1) Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant and Memorandum in Support [Doc. 13] is **DENIED**;
>
> (2) Defendant's Motion For Discovery of Physical Testing [Doc. 14] is **DENIED**;

(3) Defendant's Motion For Specific Discovery [Doc. 15] is **DENIED**;

(4) Defendant's Motion For Early Disclosure of Jencks Act Material and Memorandum in Support [Doc. 16] is **DENIED**;

(5) Defendant's Motion for Pretrial Access to Witnesses and Memorandum in Support [Doc. 17] is **DENIED**; and

(6) Defendant's Motion For Bill Of Particulars [Doc. 18] is **DENIED.**

**IT IS SO ORDERED.**

ENTER:


　　　s/ H. Bruce Guyton　　
United States Magistrate Judge