UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:06-CR-139 |
| | ) | (VARLAN/GUYTON) |
| HERSHEL O. MCCALEB, | ) | |
| | ) | |
| Defendant. | | |

## **MEMORANDUM AND ORDER**

This criminal case is before the Court on defendant Hershel McCaleb's Objections to Memorandum and Order [Doc. 24] filed on January 19, 2007.[1] Defendant objects to the Memorandum and Order [Doc. 23] filed by Magistrate Judge H. Bruce Guyton. Specifically, defendant objects to Judge Guyton's decision denying the defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant [Doc. 13], Motion for Discovery of Physical Testing [Doc. 14], Motion for Specific Discovery [Doc. 15], Motion for Early Disclosure of Jencks Act Material [Doc. 16], Motion for Pretrial Access to Witnesses [Doc. 17], and Motion for Bill of Particulars [Doc. 18]. The government has not responded to the defendant's objections and the time for doing so has passed. *See* L.R. 72.4(b).

---

[1] The Court notes that defendant's filing was incorrectly categorized in the CM/ECF system, resulting in the system failing to recognize the filing as a matter which needed the Court's attention. In reviewing the record in relation to other pending motions, the Court recognized that defendant's objections were outstanding, corrected the CM/ECF entry, and will now address the objections.

As required by 28 U.S.C. § 636(b)(1), the Court has reviewed the Memorandum and Order to which the defendant has objected and notes that such order may be set aside only if it is clearly erroneous or contrary to law. In doing so, the Court has carefully considered the underlying pleadings [Docs.13, 14, 15, 16, 17, 18, 19, 22, 24]. The Court will address each of defendant's six underlying motions in turn.

**A.    Motion to Compel**

In his motion to compel [Doc. 13], defendant moved the Court to order the government to disclose certain exculpatory information which the defendant stated he could not obtain because the police had allegedly instructed potential witnesses not to speak with defense counsel. In responding, the government noted that it recognized its duty to provide defendant with exculpatory evidence and that the scheduling order in this matter specifically addressed that obligation. With respect to the alleged instruction to witnesses not to testify, the government argued that defendant had presented only an unsubstantiated allegation of improper conduct, insufficient to support a motion to compel.

In denying the motion, Judge Guyton held that "notwithstanding the facts alleged by Defendant, Defendant's motion to compel [Doc. 13] moves for general information, which is sufficiently covered by the Court's Order on Discovery and Scheduling [Doc. 5] and *Brady*, which is self-effectuating." [Doc. 23 at p. 3]. The Court agrees with Judge Guyton's ruling, as the Court's Order on Discovery and Scheduling [Doc. 5] clearly directs the government to disclose exculpatory evidence in a reasonable time as required by Sixth Circuit jurisprudence. Accordingly, defendant's objections [Doc. 24] with respect to the

motion to compel are **OVERRULED**. However, if the defendant feels that the government is in possession of exculpatory information which it has not yet handed over, including the information defendant sought in its motion to compel, then defendant is **DIRECTED** to raise that issue at the final pre-trial conference currently scheduled for April 3, 2007. If any unresolved discovery issues remain after the final pre-trial conference, defendant may renew its motion to compel at that time.

**B.     Motion for Discovery of Physical Testing**

In his motion for discovery of physical testing [Doc. 14], defendant requested an order directing the government to disclose the results of any physical tests performed by the government. Defendant also asked that the government be ordered to disclose any pending testing. In response, the government stated that it had already disclosed the results of the testing of the firearm and ammunition involved in this case. The government also argued that it is under no obligation to disclose pending tests, only the results of completed tests. In denying defendant's motion, Judge Guyton noted that the scheduling order in this matter already requires the government to disclose the results or reports of any physical testing. The Court agrees with Judge Guyton's analysis. Defendant has been provided with the results of the government's completed testing and is not entitled to a list of testing which has not yet occurred. Accordingly, defendant's objections to the Memorandum and Order [Doc. 24] are **OVERRULED** with respect to the motion for discovery of physical testing.

**C.     Motion for Specific Discovery**

In his motion for specific discovery [Doc. 15], defendant requested that the Court order the government to disclose the registered owner of the handgun involved in this case. In responding, the government contended that it was unaware of any relevant firearm registry. In denying the motion, Judge Guyton again noted that the discovery order in this case already directed the government to disclose such information. Given that the government has averred that it is unaware of any relevant registry information, defendant's objections [Doc. 24] are **OVERRULED** with respect to the motion for specific discovery.

**D.     Motion for Early Disclosure of Jencks Act Material**

In his motion for early disclosure of Jencks Act material, defendant moved the Court to require the government to produce Jencks Act material two weeks in advance of trial. The government argued that defendant was not entitled to Jencks material before trial. In denying the motion, Judge Guyton, citing to *United States v. Short*, 671 F.2d 178, 185 (6th Cir. 1982), held that defendant is not entitled to Jencks information until after a witness has testified at trial. Judge Guyton's statement of the law is accurate. Accordingly, defendant's objections [Doc. 24] are **OVERRULED** with respect to the motion for early disclosure of Jencks Act material.

**E.     Motion for Pretrial Access to Witnesses**

In his motion for pretrial access to witnesses [Doc. 17], defendant moved the Court to order the government to provide pretrial access to certain witnesses. Defendant further argued that the police had instructed witnesses not to the speak to defense counsel. The

government argued that defendant's motion was based on unsubstantiated allegations and should be denied. In denying the motion, Judge Guyton noted that defendant did have access to potential witnesses, but that the witnesses simply had refused to speak with them.

Judge Guyton is correct in noting that it is up to a witness to decide whether to speak to defense counsel before trial. *United States v. Scott*, 518 F.2d 261, 268 (6th Cir. 1975). However, if an agent of the government ordered a witness **not** to speak to defense counsel, as opposed to merely informing a witness that he could choose not to speak to defense counsel, then defendant would have a colorable claim of a due process violation. In order to make such a claim, though, "a defendant must make a showing of more than just the witness' inaccessibility." *Id*. There has been no such showing here, so defendant's objections [Doc. 24] are **OVERRULED** with respect to the motion for pretrial access to witnesses. However, defendant may certainly raise this issue at the pre-trial conference and attempt to make the appropriate showing at that time.

F.  **Bill of Particulars**

Finally, defendant also moved the Court for an order directing the government to provide a bill of particulars in this case. The government argued that the indictment in this case is sufficient, that photographs of the firearm, magazine, ammunition, and the shooting scene had been provided to defendant, and that defendant was not entitled to any further information. In denying the motion, Judge Guyton held that the indictment contains sufficient facts and, thus, defendant is not entitled to a bill of particular. The Court agrees

with Judge Guyton's analysis. Accordingly, defendant's objections [Doc. 24] are **OVERRULED** with respect to the motion for a bill of particulars.

For the reasons set forth herein, the defendant's objections [Doc. 24] to Judge Guyton's Memorandum and Order [Doc. 23] are **OVERRULED**.

IT IS SO ORDERED.

                                              s/ Thomas A. Varlan
                                              UNITED STATES DISTRICT JUDGE