UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HERSHEL O. MCCALEB,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.: 3:06-CR-139-TAV-JEM-1 |

**MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on defendant's pro se "Motion for Time Reduction," [Doc. 121] which the Court construes as a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Attorney Laura Davis was appointed to represent defendant [Doc. 122], and Attorney Davis filed a notice of no supplemental filing [Doc. 124]. The government has responded in opposition [Doc. 127].

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

"A court's power under § 3582(c)(2) . . . depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive." *United*

*States v. Horn*, 679 F.3d 397, 401 (6th Cir. 2012) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)). "In sum, § 994(u) requires the Commission to specify whether an amendment is retroactive, § 994(a)(2)(C) requires that this specification be in the form of a policy statement, and § 3582(c)(2) makes those policy statements binding." *Id.* at 401–02.

Here, defendant has not identified any amendments to the Sentencing Guidelines in his filing, much less any amendments that have been deemed retroactive by the Sentencing Commission. Accordingly, defendant has not established that he was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. The Court therefore lacks authority to reduce his sentence under § 3582(c)(2). U.S. SENT'G GUIDELINES MANUAL § 1B1.10(a)(2)(B). Defendant's motion for a sentence reduction [Doc. 121] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE